UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS WHITAKER, | § | |
| and PERRY WILLIAMS | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| BRAD LIVINGSTON, Executive | § | No. 4:13-cv-2901 |
| Director, Texas Department | § | |
| of Criminal Justice, WILLIAM | § | |
| STEPHENS, Director, Correctional | § | |
| Institutions Division, Texas Department | § | |
| of Criminal Justice; JAMES JONES, | § | |
| Senior Warden, Huntsville Unit, | § | |
| Huntsville, Texas and UNKNOWN | § | |
| EXECUTIONERS, | § | |
|     Defendants. | § | |

**DEFENDANTS' MOTION TO DISMISS**

NOW COME the Defendants in the above-captioned matter and move to dismiss Plaintiff's first amended complaint pursuant to FED. R. CIV. P. 12(b)(1).[1]

**I. PROCEDURAL BACKGROUND**

Plaintiffs filed this civil action and a motion for preliminary injunction on Oct. 1, 2013, in an attempt to block the execution of Michael Yowell on Oct. 9, 2013.[2] On Oct. 5, the Court set a conference on the civil action.[3] On Oct. 7, following hearing on Oct. 4, the Court denied Plaintiffs' motion for a preliminary injunction.[4] Plaintiffs appealed to the U.S. Court of Appeals for the Fifth Circuit on Oct. 7.[5] Yowell filed a motion for a stay of execution in the Fifth Circuit on Oct. 8. The Court of Appeals affirmed the judgment of the District Court and denied Yowell's

---

[1] D.E. 37
[2] D.E. 1, 2
[3] D.E. 20
[4] D.E. 21
[5] D.E. 22

motion for a stay of execution on Oct. 8. On Oct. 9, Yowell filed a petition for writ of certiorari in the U.S. Supreme Court. The Supreme Court denied the petition, and Yowell was executed that evening by a lethal injection of compounded pentobarbital.

At conference on Oct. 17, the Court entered an order permitting the remaining Plaintiffs, neither of whom have execution dates, to amend their civil action no later than Nov. 1, and permitting Defendants to submit their response no later than Nov. 15.[6] Plaintiffs filed their first amended complaint on Nov. 1.[7]

Plaintiffs bring their claim against Defendants via 42 U.S.C. § 1983 for "violations and threatened violations" of their rights to be free from "cruel and usual" [sic] punishment under the Eighth and Fourteenth Amendments, as well as the right of access to the courts and due process guarantees of the Fourteenth Amendment.[8]

## II. ARGUMENT AND AUTHORITIES

**A.  Neither Williams nor Whitaker have standing to sue where they have failed to state a concrete, actual or imminent injury for which the Court has jurisdiction to redress through injunctive relief.**

Neither Williams nor Whitaker is scheduled for execution today.[9] Their suit is premised on multiple layers of speculation, including (1) Texas will be unable to secure pentobarbital from any source in the future, (2) that the drugs propofol, midazolam or hydromorphone will be used if Texas is unable to obtain pentobarbital from any source, (3) that propofol, midazolam or hydromorphone, if used to execute Plaintiffs, may subject them to a "demonstrated risk of severe pain" when compared to the known and available alternatives,[10] (4) that Plaintiffs' post-

---

[6] D.E. 36
[7] D.E. 37
[8] *Id.* at 2
[9] *Id.*
[10] *Baze v. Rees*, 553 U.S. 35, 61 (2008).

conviction appeals will be unsuccessful,[11] (5) that Plaintiffs' sentences will not be commuted, (6) that Texas will use lethal injection to carry out the execution of those convicted of capital crimes when the sentence is carried out in their cases and, finally, that (7) capital punishment will be carried out in Texas or anywhere in the United States when their appeals are exhausted.

In order to demonstrate standing, a plaintiff must have suffered an injury-in-fact—"an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent."[12] In addition, there must a causal connection between the injury and the conduct of which the plaintiff complains, and the injury must be redressable—that is, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[13] "The party invoking federal jurisdiction bears the burden of establishing these elements."[14]

The myriad assumptions underlying this suit are insufficient to give either Williams or Whitaker standing to sue at this time. Each man is sentenced to die, but neither has an execution date. Both are pursuing appeals. If, when and how Williams and Whitaker will be executed is undetermined; as such, no injury is "actual or imminent." In addition, the prospective injury is entirely speculative.[15] They assume Texas will be unable to secure a new source of pentobarbital—the efficacy of which as means of humanely executing capital offenders is not seriously contested—from any non-European manufacturer. Plaintiffs assume that Texas will be forced to use new and untested drugs to carry out lethal injection—propofol or a combination of

---

[11] Whitaker's habeas appeal is pending in the District Court. Williams is appealing the decision of the District Court to the U.S. Court of Appeals for the Fifth Circuit. (D.E. 37 at 2)
[12] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992) (*quoting Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717 (1990)) (internal quotation mark omitted).
[13] *Id.* (*quoting Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 46, 96 S.Ct. 1917 (1976)) (internal quotation marks omitted).
[14] *Id.* at 561.
[15] Plaintiffs implicitly acknowledge that the drugs used to execute Yowell were not "problematic" and that compounded pentobarbital presents only "potential problems." (D.E. 37 at 8)

midazolam and hydromorphone.[16] Plaintiffs assume these drugs cause severe pain, but they offer nothing more than speculation that they might do so. Plaintiffs assume that their execution is imminent, but it may be a long time indeed before either of them is executed: The average time on death row is 10.6 years; some condemned offenders have spent decades awaiting execution.[17] In the meantime, the Texas Legislature may very well adopt a different means of execution, it may vote to abandon capital punishment altogether. In sum, Plaintiff's remedial demands are aimed at circumstances as they exist today, but which may not exist when they are scheduled for execution.

### III.  CONCLUSION

Plaintiffs have failed to state a concrete, actual or imminent injury-in-fact for which the Court has jurisdiction to redress through injunctive relief. The Court should dismiss Plaintiffs' civil action for lack of standing pursuant to FED. R. CIV. P. 12(b)(1), or, alternatively, stay all proceedings in this litigation until such time as Plaintiffs are given an execution date.

    Respectfully submitted,
    **GREG ABBOTT**
    Attorney General of Texas

    **DANIEL T. HODGE**
    First Assistant Attorney General

    **DAVID C. MATTAX**
    Deputy Attorney General for Defense Litigation

    **KAREN D. MATLOCK**
    Assistant Attorney General
    Chief, Law Enforcement Defense Division

---

[16] Plaintiffs' concerns with the midazolam and hydromorphone combination will be moot if the state of Ohio is permitted to execute Ronald Phillips with these drugs as scheduled on Nov. 14, 2013. *See* http://www.cleveland.com/open/index.ssf/2013/10/ohio_plans_use_of_new_drug_coc.html

[17] *See* https://www.tdcj.state.tx.us/stat/dr_facts.html

/s/ Allan K. Cook
**ALLAN K. COOK**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24004374
Southern District No. 608005
allan.cook@texasattorneygeneral.gov

/s/ David A. Harris
**DAVID A. HARRIS**
Assistant Attorney General
Texas Bar No. 09056800
Southern District No. 24467
david.harris@texasattorneygeneral.gov


Office of the Attorney General
P.O. Box 12548
Austin TX 78711-2548
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **ALLAN K. COOK**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing pursuant to the Court's electronic filing system on Nov. 6, 2013.

/s/ Allan K. Cook
**ALLAN K. COOK**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **ALLAN K. COOK**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been mailed via the United States Postal Service on Nov. 6, 2013, addressed to:

Bradley E. Chambers
Bobbie Stratton
Jessica Hinkie
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
1301 McKinney, Suite 3700
Houston TX  77010

Maurie Levin
211 South St., No. 346
Philadelphia PA  19147

/s/ Allan K. Cook
**ALLAN K. COOK**
Assistant Attorney General
